UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESTON SCHOFIELD,

    Petitioner,

v.                                                                    CASE NO. 8:14-cv-150-T-23TGW

STATE OF FLORIDA,

    Respondent.

_____/

**O R D E R**

Schofield petitions for the writ of mandamus to require the state attorney to

provide discovery in a state criminal action.  However, a federal court lacks

jurisdiction to issue a writ to direct a state agency, a state court, or the state's judicial

employee to perform a duty.  *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d

383 (5th Cir. 1971).[*]  *See also Campbell v. Gersten*, 394 Fed. App'x 654 (11th Cir. 2010)

("The district court also lacked authority to issue a writ of mandamus to compel the

state court and its officers to reinstate his motions to vacate and consider those

motions on the merits.") (*citing Lamar v. 118th Judicial Dist. Court*, 440 F.2d at 384);

*Lawrence v. Miami-Dade County State Att'y Office*, 272 Fed. App'x 781, 781 (11th Cir.

2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued
before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.
1981) (*en banc*).

action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *Bailey v. Silberman*, 226 Fed. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought.").

Accordingly, Schofield's petition for the writ of mandamus (Doc. 1) is **DISMISSED** for lack of jurisdiction.  The clerk must close this case.

ORDERED in Tampa, Florida, on January 29, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE